**THE CHASE MANHATTAN BANK and Chase Manhattan Mortgage Corporation, Plaintiffs,**

v.

**THE DIME SAVINGS BANK OF NEW YORK, F.S.B., Dime Mortgage, Inc., Richard A. Mortage, and Thomas Glenn, Defendants.**

No. 97–1135–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

May 5, 1997.

276

Gary R. Kessler, Stephen M. Katz, Sandra Kaye, Irvin, Stanford & Kessler, Atlanta, GA, for Plaintiffs.

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

KOVACHEVICH, Chief Judge.

This expedited cause comes before the Court on the following documents: (1) Complaint for Injunctive Relief and Damages, (2) Motion for Temporary Restraining Order, (3) Memorandum in Support of Temporary Restraining Order, (4) Attachments to Memorandum, and (5) Proposed Temporary Restraining Order. There is no indication that any of these documents have been served as of the date and time of this Order.

"The grant or denial of a motion for preliminary injunction is a decision within the discretion of the trial court.... That discretion is guided by four requirements for preliminary injunctive relief: (1) a substantial likelihood that the movants will ultimately prevail on the merits; (2) that they will suffer irreparable injury if the injunction is not issued; (3) that the threatened injury to the movants outweighs the potential harm to the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1561 (11th Cir.1989). The elements for a temporary restraining order are essentially the same, except that "[t]he motion must be supported by allegations ... that such [irreparable] injury is so imminent that notice and hearing on the application for preliminary injunction is impractical if not impossible." Local Rule, M.D. Fla., 4.05(b)(2).

■ There has been no such allegations in this case. In fact, the plaintiffs' proposed order contemplates that a notice and a hearing would likely be provided to all parties.

Further, the solicitations in question have allegedly been occurring since November of 1996. There is no showing that the irreparable injury, if any, is more imminent now than it was in November of 1996 (or mid March of 1997, when the plaintiffs clearly knew of the alleged solicitations), or that it would be "impractical if not impossible" to provide a notice and hearing.

The Court additionally concludes that the plaintiffs have failed to show a substantial likelihood of success on the merits. Plaintiffs merely employ the phrase "success on the merits" without applying this standard to the elements of the claims stated in the complaint's four (4) counts. Indeed, three (3) of these counts involve scienter elements, i.e. tortious interference with relations and civil conspiracy, which are more difficult to prove than mere breach of contract, which is not alleged.

■ The plaintiffs also do not convince the Court that the alleged harm in this case is irreparable. While it may be true that Fla. Stat. § 542.33(2)(a) provides for a presumptive finding of irreparable harm for breaches of non-compete promises, plaintiffs do not provide this Court with any authority that extends this statute or its rationale to no-solicitation agreements. The non-binding, supporting authority cited by the plaintiffs, *MedX Inc. of Florida v. Ranger,* 780 F.Supp. 398 (E.D.La.1991), is not on point for purposes of this Order for at least two reasons: (1) it involved injunctive, rather than temporary restraining, relief; and (2) there was no separate contract not to solicit (but rather a contract to sell a business, which included a promise not to compete). It is also noteworthy that, unlike the non-compete promise in *MedX,* the no-solicitation promise in this case had a specific bargained-for price: $954,953.00. Plaintiffs do not explain why this dollar figure would not facilitate an adequate remedy at law for the alleged wrongdoing by the defendants. Nor do plaintiffs address what prophylactic efforts, if any, they have taken to provide full information to their employees in light of the defendants' alleged misrepresentations connected with the solicitations.

As to the elements of harm to the defendants and the public, the Court is unwilling to restrain the actions of persons who could be lawfully engaging in free enterprise, in light of the fact that plaintiffs have not sued the defendants, including Mr. Mirro, for simple breach of the no-solicitation contract. Without a sufficient showing that the alleged actions by the defendants are substantially likely to constitute one of the torts listed in the complaint, the Court concludes that the potential harm to the defendants outweighs the threatened injury, if any, to the plaintiffs, and that the temporary restraining order, as proposed, would adversely affect the public's interest. Again, the authority cited by the plaintiffs, *Eutectic Corp. v. Astralloy–Vulcan*, 510 F.2d 1111 (5th Cir.1975), is not helpful for purposes of this Order because it involved: (1) injunctive (as opposed to temporary restraining) relief at the summary judgment (as opposed to the complaint) stage of the proceedings, and (2) an employment (as opposed to a no-solicitation) contract. Accordingly, it is

**ORDERED** that the motion for temporary restraining order be **DENIED**.